Filed 1/22/21  P. v. Solis-Garcia CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>LUCAZ SOLIS-GARCIA,<br><br>        Defendant and Appellant. | A160843<br><br>(Napa County<br>Super. Ct. Nos. 20CR001139,<br>20CR001346) |

Defendant Lucaz Solis-Garcia appeals following a negotiated disposition of two separate criminal cases and two violations of probation in two additional cases.  Defendant's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Defendant was informed of his right to file supplemental briefing and has not filed such a brief.  We have reviewed counsel's brief and independently reviewed the record, and we find no errors or other issues requiring further briefing.  Accordingly, we affirm.

## BACKGROUND

Case No. 20CR001139

On May 29, 2020, the Napa County District Attorney filed a seven-count felony complaint in case No. 20CR001139, charging defendant with

1

crimes committed while he was incarcerated in the Napa County Jail.[1]  The complaint charged as follows:  attempted escape by force or violence (§ 4532, subd. (b)(2); count 1); resisting executive officer (§ 69, with a special allegation of inflicting great bodily injury; count 2); battery upon a custodial officer (§ 243.1; count 3) and four counts of resisting executive officer, each alleging a different victim (§ 69; counts 4-7).

Case No. 20CR001346

On June 18, 2020, the Napa County District Attorney filed a complaint in case No. 20CR001346, charging defendant with five felony counts and two misdemeanor counts.  The crimes alleged arose out of the American Canyon Police Department responding to a report of domestic violence on June 17, 2020.  The complaint charged defendant as follows:  corporal injury to spouse/cohabitant (§ 273.5, subd. (a); count 1); two counts of resisting executive officer (§ 69; counts 2 and 3); criminal threats (§ 422; count 4) vandalism (§ 594, subd. (b)(1); count 5); interference with a wireless communication devise (§ 591.5, a misdemeanor; count 6); and possession of a controlled substance (Health & Saf. Code § 11350, subd. (a), a misdemeanor; count 7).

Negotiated Disposition

On July 22, 2020, defendant and the prosecution entered into a global disposition of the two criminal cases described above, plus two pending probation violations in other cases.

In case No. 20CR001139, defendant pleaded no contest to count 2, a violation of section 69 (without the special allegation of great bodily injury), and count 3, a violation of section 243.1.

---

[1] All undesignated statutory references are to the Penal Code.

In case No. 20CR001346, defendant pleaded no contest to count 1, a violation of section 273.5, subdivision (a), and count 2, a violation of section 69.

Defendant also admitted to two probation violations in case Nos. 18CR003985 and 18CR002782.

In exchange for the global disposition, defendant was to receive a prison sentence of four years and eight months and the remaining charges were to be dismissed.

Defendant completed change of plea forms that advised him of his rights and the rights he was waiving; the forms were signed by his counsel and by the court. Defense counsel and the prosecutor stipulated to factual bases for the guilty pleas based on the police reports. The court found knowing, voluntary and intelligent waivers of rights and entries of pleas.

<u>Sentencing</u>

At sentencing on August 20, 2020, the court sentenced defendant to state prison for an aggregate term of four years and eight months. In case No. 20CR001346, in count 1 (§ 273.5, subd. (a)), the court imposed the agreed upon upper term of four years; in count 2 (§ 69), the court imposed the midterm of two years to run concurrent with count 1. In case No. 20CR001139, in count 2 (§ 69), the court imposed eight months (one-third of the midterm) to run consecutive to the sentence in case No. 20CR001346. In count 3 (§ 243.1), the court imposed the midterm of two years, to run concurrently.

The court awarded defendant credit for time served. Defense counsel objected to the imposition of fines on account of defendant's financial situation and his impending imprisonment. The trial court inquired into defendant's financial status and employment. The court ordered defendant to

pay certain fines and fees after considering his ability to pay and his ability to earn after release from prison, but waived others (including attorney fees and the costs of a presentence report). Defendant was ordered to pay restitution of $136 in case No. 20CR001346, the domestic violence case.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Defendant was sentenced after guilty pleas and did not obtain a certificate of probable cause. Any issues as to the validity of his pleas are not before us. (§ 1237.5.) Before entering his guilty pleas, defendant was advised of his rights, and understood his rights, including the rights he was waiving. The court found defendant had knowingly, voluntarily and intelligently waived his rights and his pleas were voluntary. Both counsel stipulated to factual bases for the pleas based on the police reports.

The sentence imposed is authorized by law and was in compliance with the plea agreement. Custody credits appear to have been calculated correctly.

Based on our review of the record, defendant was represented by competent counsel who acted to protect his rights and interests.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

## DISPOSITION

The judgment is affirmed.

4

_____

Miller, J.


WE CONCUR:


_____

Kline, P.J.


_____

Richman, J.


A160843, *People v. Solis-Garcia*

5